Frank D. McKendall
vs. } No. 63577.
Joseph Weisman, et als.

June 10, 1932.

FROST, J. Heard on plaintiff's motion for new trial after verdict for defendants.

This is an action to recover on two promissory notes and is brought against four makers and two endorsers thereof.

It appears from the evidence given at the trial that Joseph Weisman and his three brothers, also named as defendants, doing business as the Weisman Realty Company, had constructed a building in Pawtucket for which plaintiff had furnished lumber and other materials. In January, 1924, plaintiff had a claim for $5,651.10 and he began proceedings to establish a lien against the building for that amount. There were other creditors besides McKendall, the aggregate of all claims amounting to some thirty odd thousand dollars. As creditors began to press for payment, a meeting was called and as a result of this, or a subsequent, meeting of the creditors, promissory six months notes, secured by a trust mortgage, were sent out in return for releases of liens.

It does not appear that the plaintiff executed the release sent to him. These notes were not paid and when they were due in August, 1924, it was apparent that the property belonging to the Weismans could not be sold for an amount over the mortgage to pay more than 66 2/3 per cent. of the claims. On August 29, 1924, six promissory notes, totalling in amount $1,400, maturing at different times, were given to the plaintiff. They were signed by the four Weismans and were endorsed, prior to delivery, by Samuel Dvosin and Morris Sugerman. The payee named in each note was Frank D. McKendall. Two of these notes form the basis of the present suit, while the other four were sued upon in an action numbered 66330, which action was tried with the present case by stipulation of counsel.

The plaintiff asserted that the consideration for the notes was the release of his lien upon the building of the Weismans and it appears that the plaintiff did not discharge his lien until October 14, 1924. On October 15, 1924, checks were issued to the creditors, each receiving a check for two-thirds of the amount of his claim.

The defendants asserted that the notes were without consideration and also that the making of these notes was unknown to and constituted a fraud upon the creditors.

It is not clear why the plaintiff, who was the largest creditor, should voluntarily relinquish a lien upon the building, which lien, so far as the testimony shows, was a valid one, and accept an amount in compromise which was only two-thirds of the entire claim. The weight of the testimony indicates that the notes were accepted

by the plaintiff for the release of his lien.

Nor does it appear to the Court that the notes were unknown to some creditors or that they considered that they were a fraud upon them.

Mr. Bradshaw, president of the James C. Goff Company, a creditor called by the defendants, testified that he remembered being at a meeting when it was stated that Mr. McKendall had some notes and that he thought the latter made a statement to that effect in the presence of eight or ten creditors.

John H. Slattery, Esq., called by the plaintiff in rebuttal, testified that Mr. McKendall, at a meeting of the creditors, made it known that he had the notes and that no one seemed to care about them.

Charles C. Luther, another creditor, testified that the matter of the notes was brought up at one time.

It does not seem to the Court that the defendants sustained the burden of showing that the notes were without consideration or that they were tainted with fraud.

The verdict as rendered by the jury does not do substantial justice between the parties and the plaintiff's motion for a new trial is therefore granted.

For plaintiff: Harlow & Boudreau.

For defendants: Sallett & Ress.